MALCOLM A. HEINICKE (State Bar No. 194174)
malcolm.heinicke@mto.com
BRYAN H. HECKENLIVELY (State Bar No. 279140)
bryan.heckenlively@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID WEISS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a National Association; and DOES 1 through 100, inclusive<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURUSANT TO 28 U.S.C. § 1441**<br><br>(San Francisco Superior Court Case No. CGC-18-564687). |

1       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2       PLEASE TAKE NOTICE that Defendant WELLS FARGO BANK, N.A., has

3   removed the above-captioned matter, which was commenced as Case Number CGC-18-564687 in

4   the Superior Court of the State of California for the City and County of San Francisco, to the

5   United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441.

6   In support of its Notice of Removal, Wells Fargo Bank, N.A. states the following:

7       Service was effectuated on Wells Fargo Bank, N.A. on March 2, 2018.  This Notice

8   of Removal is therefore timely under 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe*

9   *Stringing*, 526 U.S. 344, 354-55 (1999) (a defendant's deadline for removal under 28 U.S.C.

10  1446(b) does not begin to run until formal service is effectuated).

11      Removal to this Court is proper because this Court has original jurisdiction over

12  this action pursuant to 28 U.S.C. § 1332 because there is complete diversity among the named

13  parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

14      Plaintiff David Weiss (hereinafter "Plaintiff") and Defendant Wells Fargo Bank,

15  N.A. are citizens of different States.

16      (a)    The Complaint alleges that Plaintiff was a resident of California at all

17  relevant times.  Compl. ¶ 4.  On information and belief, Wells Fargo Bank, N.A. also alleges that

18  Plaintiff is a citizen of California.

19      (b)    Plaintiff's allegation that Wells Fargo Bank, N.A. has its principal place of

20  business in California, Compl. ¶ 5, is irrelevant for diversity purposes.  Wells Fargo Bank, N.A. is

21  a nationally chartered bank with its main corporate office in South Dakota.  Accordingly, under 28

22  U.S.C. § 1348, Wells Fargo Bank, N.A. is exclusively a citizen of South Dakota for diversity

23  purposes. *See, e.g.*, *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014)

24  ("Accordingly, Wells Fargo is a citizen only of South Dakota[.]"); *Mosley v. Wells Fargo Bank*

25  *NA*, No. 17-CV-05064-JSC, 2017 WL 5478628, at *3 (N.D. Cal. Nov. 15, 2017) ("As such, Wells

26  Fargo is a citizen of South Dakota, not California.").

27

28

-1-

(c)     "Doe" defendants are disregarded for purposes of the diversity inquiry in the context of removal.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

The amount in controversy with respect to the Plaintiff's claims exceeds $75,000 exclusive of interests and costs.[1]

(a)     Plaintiff specifically alleges in his Complaint that Wells Fargo Bank, N.A. owes him $398,500: "More than two years later, in 2017, Plaintiff was waiting for his bonus from his 2016 sales which was already earned and vested, and totaled approximately $398,500. . . . However, twelve days before Plaintiff was scheduled to receive his earned and vested bonus of approximately $398,500, Defendants fired him for allegedly failing to be transparent when speaking with an officer of client company involved in the 2014 transaction."  Compl. ¶ 12. Plaintiff brings this lawsuit specifically to recover that alleged amount.  *See* Compl. at 2 ("Plaintiff brings this action against Defendants for their failure to pay Plaintiff vested [sic] bonus which he earned and to which he was entitled[.]"); Compl. ¶ 17 ("Defendants breached the implied covenant as to Plaintiff when they took actions which prevented Plaintiff from earning his vested and earned bonus from 2016 . . . ."); Compl. ¶ 21 ("Despite Plaintiff earning bonus [sic] for his work in 2016, Defendants withheld the earned bonus from Plaintiff because he was terminated just twelve days before the bonus were [sic] set to be paid.").

(b)     Plaintiff further demands general, compensatory, special, and punitive damages in an amount according to proof.  Compl. at 9 ¶¶ (a) - (d).

(c)     Plaintiff further seeks penalties for certain claims.

(d)     Plaintiff also seeks to recover his attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (requests for attorneys' fees as provided by statute count toward the amount in controversy).

---

[1] By making this and the other allegations contained herein, Wells Fargo Bank, N.A. in no way concedes that the Plaintiff is entitled to any recovery; to the contrary, Wells Fargo Bank, N.A. does and will dispute the instant claims in their entirety.  This allegation concerns only the amount in controversy.

NOTICE OF REMOVAL OF CIVIL ACTION.

1    (e)    In measuring the amount in controversy, a court must assume that the

2  allegations of the complaint are true and that the plaintiff will obtain full recovery on all claims

3  made in the complaint regardless of his actual ability to establish the claims or overcome any

4  defenses.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,

5  1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by the

6  plaintiffs' complaint, not what a defendant will actually owe.  *See Rippee v. Boston Market Corp.*,

7  408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

8    Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because it

9  embraces the place where this action was originally pending, which is San Francisco County.

10  Removal to this Division is appropriate because the case was commenced in San Francisco

11  County.

12    Wells Fargo Bank, N.A. is informed and believes that no other defendant other than

13  the named defendant has been joined or served in this action.

14    The following constitute all of the process, pleadings, and other papers served on

15  Wells Fargo in this action, true and correct copies of which are attached hereto and incorporated

16  herein:

17    Exhibit A:    Summons

18    Exhibit B:    Complaint

19    Exhibit C:    Defendant's Answer and General Denial

20    Wells Fargo Bank, N.A. reserves the right to submit additional evidence and

21  argument as needed to supplement this "short and plain statement of the grounds for removal."  28

22  U.S.C. 1446(a); *West Am. Corp. v. Vaughan-Bassett Furniture Co.,* 765 F.2d 932, 936 n.6 (9th

23  Cir. 1985); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

24    Wells Fargo Bank, N.A. has complied with 28 U.S.C. §§ 1446(a) and (d).  Under

25  § 1446(a), true and correct copies of all process, pleadings, and orders served upon Wells Fargo

26  Bank, N.A. or otherwise filed in State Court in this action are attached as Exhibits A through C to

27  this Notice as follows:

28

-3-

Exhibit A:      Summons

Exhibit B:      Complaint

Exhibit C:      Defendant's Answer and General Denial

In compliance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal, with a copy of this Notice of Removal attached, is being filed with the Clerk of the Superior Court of the State of California, County of San Francisco, Case No. CGC-18-564687.  Wells Fargo Bank, N.A. is also serving a Notice of Filing of Removal, with a copy of the Notice of Removal attached, on Plaintiff's counsel.  A Certificate of Service of Notice to Adverse Party and State Court Removal to Federal Court will also be filed with this Court.

Defendants are represented by the undersigned counsel who certify, under Rule 11 of the Federal Rules of Civil Procedure, that the forgoing is true and correct.

BASED ON THE FOREGOING, Wells Fargo Bank, N.A. hereby removes this action, now pending in the Superior Court of the State of California for the City and County of San Francisco, to the United States District Court for the Northern District of California.

DATED:  March 30, 2018                    MUNGER, TOLLES & OLSON LLP
                                          MALCOLM A. HEINICKE
                                          BRYAN H. HECKENLIVELY


                                          By:    _/s/ Malcolm A. Heinicke_
                                                  MALCOLM A. HEINICKE

                                          Attorneys for Defendant
                                          WELLS FARGO BANK, N.A.

-4-

# EXHIBIT A

*[handwritten: pg 31]*
*[handwritten: 3/2/18]*
*[handwritten: In person]*

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|
| | *[handwritten: Avcw MA-C-Ador-011]* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WELLS FARGO BANK N.A., a National Banking Association, and
Does 1 through 100, inclusiveSan FranciscoS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID WEISS, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | San Francisco County Superior Court<br>Civic Center Courthouse<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):* *[handwritten: CGC-18-564687]* |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael Malk, Esq., 1180 S. Beverly Drive, Suite 302, Los Angeles, CA 90035 (310) 203-0016

| DATE: *[handwritten: MAR 0 1 2018]*<br>*(Fecha)* | CLERK OF THE COURT<br>Clerk, by<br>*(Secretario)* | *[handwritten: DE LA VEGA-NAVARRO, Rossalv]* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☑ on behalf of *(specify):* *[handwritten: Wells Fargo Bank N.A., National Banking Association]* |
| | under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee) |
| | ☑ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT B

MICHAEL MALK, ESQ., APC
Michael Malk, Esq., (State Bar No. 222366)
1180 South Beverly Drive, Suite 302
Los Angeles, California 90035
Telephone: (310) 203-0016
Facsimile: (310) 499-5210
mm@malklawfirm.com

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 0 1 2018

CLERK OF THE COURT
BY: ROSSALY DELAVEGA-NAVARRO
Deputy Clerk

Attorneys for Plaintiff David Weiss

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

## (UNLIMITED JURISDICTION)

DAVID WEISS, individually,

Plaintiff,

v.

WELLS FARGO BANK N.A., a National
Banking Association, and Does 1 through
100, inclusive

Defendants.

Case No. CGC-18-564687

COMPLAINT FOR:

1. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

2. **UNPAID WAGES**

3. **BREACH OF CONTRACT**

4. **FAILURE TO PAY WAGES DUE AT SEPARATION OF EMPLOYMENT**

DEMAND FOR JURY TRIAL

*Plaintiff's Complaint*
Page 1

# I. INTRODUCTION

Plaintiff David Weiss (hereinafter referred to as "Plaintiff), individually, by and through his undersigned attorney, brings this Complaint against Defendant Wells Fargo Bank, N.A., a National Banking Association ("Wells Fargo") and DOES 1 through 100 (Wells Fargo and Does 1 through 100 will be collectively referred to as "Defendants"), respectfully alleges the following:

Plaintiff brings this action against Defendants for their failure to pay Plaintiff vested bonus which he earned and to which he was entitled, violating the implied covenant of good faith and fair dealing by terminating Plaintiff and denying him the bonus he is owed, failing to pay wages due upon separation of employment; and for unfair business practices as alleged herein.

# II. JURISDICTION AND VENUE

1.     Venue is proper in San Francisco County under California Business and Professions Code § 17203 and California Code of Civil Procedure §§ 395(a) and 395.5 since Plaintiff worked for Defendants in San Francisco County, and the acts which are the subject ot this action took place in San Francisco County. The unlawful acts alleged herein have a direct effect on Plaintiff.

2.     Defendants were at all times relevant hereto an enterprise subject to the jurisdiction of the State of California, and are within the jurisdiction of this Court.

3.     Plaintiff does not assert any claims arising under federal law. Rather, Plaintiff brings causes of action based solely on, and arising from, California law.

### III.   **PARTIES**

4.      Plaintiff David Weiss was a California resident at all times while employed by Defendants, and was employed by Defendants from approximately February 2014 through February 27, 2017.

5.      Upon information and belief, Defendant Wells Fargo is an American international banking and financial services holding company headquartered in San Francisco.

6.      Defendants transact thousands of dollars of business in the State of California. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as Does 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. Plaintiff is informed and believes that each of the Doe Defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

### IV.   **SUMMARY OF ALLEGATIONS**

7.      Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

8.      Defendants hired Plaintiff in February 2014 as the Director of Foreign Exchange Sales.  A large component of Plaintiff's compensation consisted of an annual non-discretionary bonus paid on sales from the prior year.

9.      In 2014, Plaintiff made the largest sale in the history of Defendants' Foreign

1  Exchange Sales Department, i.e., he completed his responsibility on the sales-side of the

2  trade, structured the transaction, spoke with then-President Timothy Sloan for approval of the

3  transaction, and handed-off the transaction to Defendants Foreign Exchange Trading

4  Department to execute the transaction (hereafter, "the Transaction"), thus completing his

5
6  required job duties in relation to the sale.

7      10.    Unbeknownst to Plaintiff at the time, and on information and belief, after

8  Plaintiff handed-off the transaction to Defendants' Foreign Exchange Trading Department,

9
10 certain persons in that department utilized inside information about the Transaction to

11 illegally buy options based on said information.

12     11.    Within days of the transaction being executed, Defendants' client (hereafter,

13 the "Client") – on whose behalf Plaintiff completed the sale -- asked Plaintiff whether

14
15 Defendants traded on the market in a way which was detrimental to the Transaction.  Plaintiff,

16 who as the salesman on the Transaction was the face of the Transaction without any dealings

17 with the trade itself, relayed this question to his colleagues in the trading department, who

18 informed Plaintiff that there were no inappropriate or illegal trades.  Plaintiff relayed this

19 information to the Client on a recorded call, as he did not know at the time that those same

20
21 colleagues, themselves, had conducted the inappropriate and illegal trades.

22     12.    More than two years later, in 2017, Plaintiff was waiting for his bonus

23 from his 2016 sales which was already earned and vested, and totaled approximately

24 $398,500.  In early February 2017, Plaintiff received an email confirmation from his

25 Manager, Joel Grippando, confirming the amount of Plaintiff's bonus based on the written

26
27 bonus plan.  Although Defendants paid Plaintiff's bonus in prior years in February,

28 Defendants paid the 2016 bonus on March 11, 2017.  However, twelve days before Plaintiff

was scheduled to receive his earned and vested bonus of approximately $398,500, Defendants fired him for allegedly failing to be transparent when speaking with an officer of client company involved in the 2014 transaction. Plaintiff was never less than transparent in all matters involving the Transaction. Notably, no one else who was connected the Transaction was terminated at the time.

13.    Approximately six months after Defendants fired Plaintiff and deprived him of his earned and vested commission, Defendants terminated various colleagues who executed the trades related to the Transaction, as they used inside information to execute trades. Two of those same terminated individuals instructed Plaintiff in 2014 to inform the Client that there was no wrongdoing in connection with the trading-side of the Transaction.

14.    Following Plaintiff's termination, he was unable to find sales work in the foreign exchange market, despite having worked for over 15 years in that industry. Plaintiff ultimately found new employment in a new industry, earning substantially less than he earned when he worked for the Defendants.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### Breach of the Implied Covenant of Good Faith and Fair Dealing

(Against All Defendants)

15.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

16.    Defendant's Foreign Exchange 2016 Incentive Compensation Plan, entered

into with Plaintiff, contained an implied-in-law covenant of good faith and fair dealing that neither party would do anything to injure the right of the other party to enjoy the actual benefits of those contracts.

17.   Here, Defendants breached the implied covenant as to Plaintiff when they took actions which prevented Plaintiff from earning his vested and earned bonus from 2016 by firing him and not allowing him to reap the rewards that his efforts were instrumental in bringing about.  Further, despite Defendants performing an investigation and learning that Plaintiff, 1) did nothing wrong regarding the Transaction, 2) was appropriate and transparent in his communications with the Client, and 3) merely relayed to the Client what the trading department told Plaintiff to say, Defendants nevertheless terminated Plaintiff in bad faith, which directly caused Plaintiff to lose the benefit of his earned and vested bonus.

18.   The term of the bonus plan which required Plaintiff to be employed by Defendants on the date of the bonus payment was unconscionable since the bonus was already earned and vested, and there was nothing more needed on Plaintiff's part to earn the bonus.

19.   As a further result of the foregoing breach of the implied covenant, Plaintiff has been damaged in that he lost future wages and bonus in a sum in excess of the minimum jurisdiction of this court subject to proof at the time of trial.

## SECOND CAUSE OF ACTION

### Unpaid Wages

(Against All Defendants)

20.   Plaintiff re-alleges the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

21.   Despite Plaintiff earning bonus for his work in 2016, Defendants withheld the

earned bonus from Plaintiff because he was terminated just twelve days before the bonus were set to be paid. The bonus was earned and vested, with no other action needed on Plaintiff's part to receive it. See *Schachter v. Citigroup, Inc.* (2009) 47 Cal.4th 610, 622 ("termination does not impede an employee's right to receive a commission where no other action is required on the part of the employee to complete the sale leading to the commission payment"). *Schachter v. Citigroup, Inc.* (2009) 47 Cal.4th 610, 622. The California Supreme Court has held that:

> It has long been the rule that termination (whether voluntary or involuntary) does not necessarily impede an employee's right to receive a commission where no other action is required on the part of the employee to complete the sale leading to the commission payment. This concept has been colorfully described as 'he who shakes the tree is the one to gather the fruit.' *Id.* Internal citations omitted.

22. Defendants failed to pay Plaintiff all wages and commissions owed for his labor in violation of Calif. Labor Code Sec. 200 et seq. and 1171 et seq.

## THIRD CAUSE OF ACTION

### Failure to Pay Wages Due at Separation of Employment

#### (Against All Defendants)

23. Plaintiff entered into written contract with the Defendant which dictated the terms of his bonus for worked performed in 2016.

24. Plaintiff performed all conditions, covenants and promises required on his part to be performed in accordance with the terms and conditions of the contracts. The only condition he did not fulfill was being employed by Defendants at the time the bonus was paid. However, this term was unconscionable.

25.  Defendants breached the written employment agreements by failing to pay Plaintiff the bonus owed to him, which was earned and vested, and Plaintiff was damaged as a result.

### FOURTH CAUSE OF ACTION

**Failure to Pay Wages Due at Separation of Employment**

(Against All Defendants)

26.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs. Sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to former employees in California at or around the time each employee's employment is terminated or ends.  Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

27.     Upon termination or separation from employment, Defendants willfully failed to pay Plaintiff all wages owed as required by California Labor Code §§ 201 and 202.

28.     As a result, Defendants are liable to Plaintiff for penalties pursuant to California Labor Code §203.

### VI.     DEMAND FOR JURY TRIAL

29.     Plaintiff hereby demands trial by jury on her individual claims stated herein against Defendants.

*Plaintiff's Complaint*
*Page 8*

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, prays for judgment against Defendants as follows:

a.   For general damages according to proof, on each cause of action for which such damages are available;

b.   For compensatory damages, according to proof on each cause of action for which such damages are available;

c.   For special damages, according to proof on each cause of action for which such damages are available;

d.   For punitive damages, according to proof on each cause of action for which such damages are available;

e.   For civil penalties with respect to the Labor Code violations that Defendants committed against Plaintiff, according to proof on each cause of action for which such penalties are available;

f.   For reasonable attorneys' fees, according to proof on each cause of action for which such damages are available;

g.   For prejudgment and post-judgment interest, according to proof on each cause of action for which such damages are available;

h.   For equitable relief, including constructive trust, restitution and disgorgement, to the extent available under law;

i.   For declaratory relief, as set forth herein; and

///

///

*Plaintiff's Complaint*
Page 9

j.      For such other and further relief as the Court deems proper and just.

Dated:  February 28, 2018            Respectfully submitted,

                                     MICHAEL MALK, ESQ. APC


                                     By: _Michael Malk_____

                                         Michael Malk
                                         Attorneys for Plaintiff

*Plaintiff's Complaint*
Page 10

BR08

Superior Court of California,
County of San Francisco
Civil/Small Claims

Mar-01-2018    W0818301F003      RDELAVEGA
09:50:07

CASE NUMBER: CGC-18-564687

DAVID WEISS VS. WELLS FARGO BANK N.A., A
 NATIONAL BANKING ET AL

CIVIL COMPLAINT/PETITION/OTHER FIRST PAP
ER

FILED BY

COURT APPEARANCE SCHEDULED FOR
WEDNESDAY, AUG 01, 2018 AT 10:30 AM
IN COURTROOM 610,
CIVIC CENTER COURTHOUSE

FEE:      $450.00 PAID BY CHECK

                THANK YOU

CM-010

Michael Malk, Esq. SBC #222366
1180 S. Beverly Drive, Suite 302
Los Angeles, CA 90035
TELEPHONE NO.: (310) 203-0016    FAX NO.: (310) 499-5210
ATTORNEY FOR (Name): David Weiss

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Weiss v. Wells Fargo, N.A.

ENDORSED FILED
Superior Court of California
County of San Francisco

MAR 01 2018

CLERK OF THE COURT
BY: ROSSALY DELAVEGA-NAVARRO
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-18-564587 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): Four
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 28, 2018

Michael Malk
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Martin Dean's
ESSENTIAL FORMS™

Lyden

CASE NUMBER: CGC-18-564687 DAVID WEISS VS. WELLS FARGO BANK N.A., A NATIONAL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| DATE: | AUG-01-2018 |
| TIME: | 10:30AM |
| PLACE: | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

# EXHIBIT C

1   MALCOLM A. HEINICKE (State Bar No. 194174)
    malcolm.heinicke@mto.com
2   BRYAN H. HECKENLIVELY (State Bar No. 279140)
    bryan.heckenlively@mto.com
3   DANE P. SHIKMAN (State Bar No. 313656)
    dane.shikman@mto.com
4   MUNGER, TOLLES & OLSON LLP
    560 Mission Street
5   Twenty-Seventh Floor
    San Francisco, California 94105-2907
6   Telephone:     (415) 512-4000
    Facsimile:     (415) 512-4077
7
8   Attorneys for Defendant
    WELLS FARGO BANK, N.A.

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12

13   DAVID WEISS,                          Case No. CGC-18-564687

14           Plaintiff,                    **ANSWER AND GENERAL DENIAL AND
                                           STATEMENT OF AFFIRMATIVE
15       vs.                               DEFENSES TO COMPLAINT**

16   WELLS FARGO BANK N.A., a National
     Association; and DOES 1 through 100, inclusive,
17                                         Action Filed:    March 1, 2018
             Defendants.                   Trial Date:      None scheduled
18

19

20

21

22

23

24

25

26

27

28

WELLS FARGO BANK, N.A. ("Defendant") hereby answers the unverified Complaint ("Complaint") filed by Plaintiff DAVID WEISS ("Plaintiff") in this action as follows[1]:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, which permits a general denial to an unverified complaint, Defendant generally denies each and every material allegation in the Complaint, denies that it is liable to Plaintiff in any manner, and denies that Plaintiff is entitled to any relief prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

Defendant sets forth below its affirmative defenses.  Each defense is asserted as to all causes of action against Defendant.  Nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject necessarily is relevant to the allegations of the Complaint.  Without admitting any wrongful conduct and without assuming the burden of proving any fact, issue, or element of a cause of action if such burden properly belongs to Plaintiff, Defendant alleges upon information and belief as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The Complaint fails to state facts sufficient to constitute a claim for relief.

---

[1] By filing this answer and general denial, Wells Fargo Bank, N.A. does not in any way waive, and instead expressly reserves, its right and ability to remove this action to federal court on any applicable grounds, including without limitation invocation of diversity (and associated supplemental) jurisdiction.

**SECOND AFFIRMATIVE DEFENSE**

**(Justifiable Conduct)**

2.      Plaintiff's claims are barred because any and all conduct of which he complains was a just and proper exercise of management discretion on the part of Defendant undertaken for a fair and honest reason under the circumstances then existing.

**THIRD AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Conduct)**

3.      The claims in the Complaint are barred, in whole or in part, because if Plaintiff was damaged in any way as a result of the matters alleged in the complaint, the damage or injury was due to Plaintiff's own conduct.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

4.      The claims in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Employment At Will)**

5.      All or some of the claims and issues in the Complaint are barred, in whole or in part, because Plaintiff was an at-will employee.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unavailable Relief)**

6.      Each cause of action in the Complaint is barred, in whole or in part, by unavailability of the relief requested, including without limitation the request for attorney's fees.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Penalties)**

7.      Some or all of the claims for penalties in the Complaint fail because the violations alleged were not willful, e.g., Defendant had a good faith basis for undertaking the disputed conduct and has a good faith defense to the instant claims.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Set Off or Recoupment)**

8.      To the extent Defendant is liable to Plaintiff in any amount of unpaid wages or compensation, Defendant is entitled to set off or recoup any losses it incurred as a result of Plaintiff's conduct.

**NINTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

9.      Plaintiff is not entitled to equitable relief because Plaintiff has adequate remedies at law, and no threat of harm exists to support a grant of injunctive relief.

**TENTH AFFIRMATIVE DEFENSE**

**(Excessive Penalties)**

10.      Each claim for a penalty remedy is barred, in whole or in part, because the penalty sought is not commensurate with the harm suffered and thus violates the due process and excessive-penalty protections provided by the state and federal constitutions.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Exclusive Remedy)**

11.      Some of Plaintiff's claims in the Complaint are barred on the ground that the California Labor Code provides the exclusive remedy for Plaintiff's alleged harm.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant has alleged the affirmative defenses of which it is currently aware.  Defendant may become aware of additional affirmative defenses available to it after further discovery and/or investigation.  Accordingly, Defendant reserves the right to assert additional affirmative defenses once such defenses have been fully ascertained.  If so, Defendant will move to amend this Answer and Affirmative Defenses.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for judgment as follows:

1        1.      That Plaintiff take nothing by way of the Complaint and that judgment be entered

2  in favor of Defendant;

3        2.      That Defendant be awarded its attorney's fees and costs of suit; and

4        3.      That Defendant be granted any other relief the Court deems just and proper.

DATED:  March 29, 2018                MUNGER, TOLLES & OLSON LLP

By:             */s/ Malcolm A. Heinicke*
                    Malcolm A. Heinicke

                Attorney for Defendant WELLS FARGO BANK, N.A.

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

1  MALCOLM A. HEINICKE (State Bar No. 194174)
   malcolm.heinicke@mto.com
2  BRYAN H. HECKENLIVELY (State Bar No. 279140)
   bryan.heckenlively@mto.com
3  DANE P. SHIKMAN (State Bar No. 313656)
   dane.shikman@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, California 94105-2907
6  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
7
   Attorneys for Defendant
8  WELLS FARGO BANK, N.A.

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN FRANCISCO

12

13  DAVID WEISS,                          Case No. CGC-18-564687

14          Plaintiff,                    **PROOF OF SERVICE**

15      vs.

16  WELLS FARGO BANK N.A., a National      Action Filed:    March 1, 2018
    Association; and DOES 1 through 100, inclusive,   Trial Date:      None scheduled
17
            Defendants.
18

19

20

21

22

23

24

25

26

27

28

38268347.1                        -1-

1  PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3  At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of San Francisco, State of California.  My business address is 560
4  Mission Street, 27th Floor, San Francisco, CA  94105-2907.

5  On March 29, 2018, I served true copies of the following document(s) described as

6  **ANSWER AND GENERAL DENIAL
AND STATEMENT OF AFFIRMATIVE DEFENSES TO COMPLAINT**
7

8
9  on the interested parties in this action as follows:

10  **SEE ATTACHED SERVICE LIST**

11  **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
12  mailing, following our ordinary business practices.  I am readily familiar with the firm's practice
for collecting and processing correspondence for mailing.  On the same day that the
13  correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
14

15  **BY ELECTRONIC TRANSMISSION:**  I served the document(s) on the person listed in
the Service List by submitting an electronic version of the document(s) in .pdf format to File &
16  Serve Xpress, a registered vendor for e-filing with the Superior Court, County of San Francisco,
through the filing and service user interface at www.fileandservexpress.com.
17

18  **BY E-MAIL:**  I caused a copy of the document(s) to be sent to the persons at the e-mail
addresses listed in the Service List.  I did not receive, within a reasonable time after the
19  transmission, any electronic message or other indication that the transmission was unsuccessful.

20
21  I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
22

23  Executed on March 29, 2018, at San Francisco, California.

24
25  _____
26  Irving L. Girshman
27
28

38268347.1
-2-
PROOF OF SERVICE

1

**SERVICE LIST**

2    Michael Malk, Esq.                      Attorney for Plaintiff
     MICHAEL MALK, ESQ., APC        DAVID WEISS
3    1180 So. Beverly Dr., Suite 302
     Los Angeles, CA  90035
4    Tel:  310-203-0016
     Fax: 310-499-5210
5    mm@malklawfirm.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

38268347.1                              -3-